Mr. Chief Justice Sharkey
delivered the opinion of the court.
This case depends upon the same award as that mentioned in Goleman v. Turner, but it differs from that case in this; here the award was excluded from the jury; in the other case the court charged that it was void. The ground of its exclusion was, that the rights of minors were involved, and the guardians could not enter into a submission. This point is settled in Goleman v. Turner. But it is said, that although this reason may have been insufficient to justify the exclusion of the award, yet for other reasons it ought to have been excluded, and therefore the judgment of the court ought to be affirmed. The submission and the award are set out in this record, and it appears by the recital in the award, that the husbands of certain married women had entered into the submission in right of their wives. It seems that suits were pending, and disputes existing, between the distributees of the estate of Joseph Turner, deceased, and the administrators, Bailes Turner, and John Carruth, and to settle these disputes the parties entered into the *120 submission. The chief objection is, that part of the distributees were married women, and their husbands could not submit for them. There are many cases in which the husband may submit to arbitration rights derived through the wife. The effect of the law to protect the rights of married women, may have a very material bearing on this question. But facts do not appear with sufficient certainty to enable us to declare the submission void. It does not appear when the rights of the distributees accrued, or whether the husband had such an interest as to justify his submission alone. This objection was not made in the court below, where objections might have been obviated. It might have been shown that the right accrued before the passage of the law referred to, and that the husband’s right had become perfect by his acts. Or it may be that they submitted under a power of attorney, or that the wives were dead. In this state of uncertainty we cannot declare the submission void. ■ As a general rule, we confine ourselves to objections made to evidence in the court below, regarding all other objections as waived.
Judgment reversed, and cause remanded.
Mr. Justice Smith gave no opinion.